FILED
APR 23 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Radcliffe Bancroft Lewis, )
)
Plaintiff, )
)
v. ) Civil Action No. 14-702
)
District of Columbia *et al.*, )
)
Defendants. )
_____ )

MEMORANDUM OPINION

This matter is before the Court on review of the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff is a resident of Silver Spring, Maryland. He sues the District of Columbia, an officer of the D.C. Metropolitan Police Department, a McDonald's restaurant in the District of Columbia, the restaurant's insurer, and a law practice in Illinois. Plaintiff demands $3 million in damages. Compl. at 30.

The complaint is nearly impossible to follow but plaintiff, after "substitu[ing]" defendants, *id*. at 6, purports to sue all but McDonald's for libel, false arrest, and obstruction of justice; he purports to sue McDonald's for gross negligence based on the same underlying conduct. *Id.* at 6-7. The complaint arises from an alleged encounter plaintiff had with MPD Officer Vazquez on February 12, 2011, when plaintiff entered the McDonald's restaurant to buy a cup of coffee. The encounter led to plaintiff's arrest and his release from custody the same

1

day. *See* Compl. ¶¶ 34-46. Allegedly, "charges were filed against [plaintiff] on February 28, 2011" in the Superior Court of the District of Columbia. *Id.* ¶ 49. When plaintiff appeared in court on March 1, 2011, he "challenged the jurisdiction of the court while asserting special appearance [and] determined in about two minutes [that a public defender the court attempted to appoint him was] unqualified to defend him." *Id.* ¶ 50. Eventually, the charges were dismissed on June 23, 2011. *Id.* ¶ 59. The Clerk of this Court received the instant complaint on March 11, 2014.

Under the statute of limitations applicable to this diversity action, claims "for libel, slander . . . malicious prosecution, [and] false arrest or false imprisonment" must be brought within one year from the time the claim accrues. D.C. Code § 12-301(4); *see Duberry v. Inter-Con Sec. Systems, Inc.*, 898 F. Supp. 2d 294, 300 (D.D.C. 2012) (citing cases); *see also Hobley v. Wachovia Corp.*, 275 Fed. Appx. 16 (D.C. Cir. 2008) (per curiam) ("[T]he district court properly treated appellant's allegations as analogous to claims for libel, slander, and malicious prosecution, which are subject to a one-year statute of limitations, and dismissed them as time barred.") (citing D.C. Code § 12-301(4)). This action lodged three years after the alleged events in February 2011 is time-barred and, thus, dismissed for failure to state a claim upon which can be granted. A separate Order accompanies this Memorandum Opinion.

Date: April ___, 2014

/s/ *signature*
United States District Judge

2